IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

CHARLOTTE WILKERSON,

       Plaintiff,

v.                          Case No. 2:06-cv-00866

TARGET CORPORATION,
CHARLESTON POLICE DEPARTMENT,
and ASSOCIATED PRESS,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This civil action is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Pending before the court are two motions to dismiss, one filed by the Associated Press ("AP") on September 21, 2007 (docket # 26) and the other by Target Corporation ("Target") on October 22, 2007 (# 34).  The pro se plaintiff, Charlotte Wilkerson ("Plaintiff"), has responded (# # 33, 38), and the defendants have replied (# # 36, 41). These motions are ripe for decision.

## PROCEDURAL HISTORY

On October 11, 2006, Plaintiff filed a hand-written Complaint (# 2) and an Application to Proceed Without Prepayment of Fees (# 1). On October 13, 2006, the undersigned granted Plaintiff's

Application to Proceed Without Prepayment of Fees (#4). The defendants, Target, the AP, and the CPD were served on November 9, 2006, September 7, 2007, and September 27, 2007, respectively (# 6, # 24, # 29).

On November 29, 2006, Target filed a Motion to Dismiss or Motion for More Definite Statement (# 9).

On December 21, 2006, Plaintiff filed an untitled document, which the undersigned construed as a Motion for Arbitration and Motion for Summary Judgment (# 10). Therein, Plaintiff indicates that Target required its employees to use items that could be considered concealed weapons and failed "to disclose such a relevant fact" to its employees (Id. at 3-4). Plaintiff also alleges in the motion that Target made a false, material representation, but no specific misrepresentation is identified. (Id. at 4).

On January 3, 2007, Target filed a "Reply to Plaintiff's Untitled Pleading Purportedly Responding to Target Corporation's Motion to Dismiss" (# 11).

On January 24, 2007, Plaintiff filed a Motion for Restitution (# 12). Target responded on February 7, 2007 (# 13).

On August 13, 2007, a status conference was conducted in this matter (PF & R, # 20 at 3). During the status conference, Plaintiff stated that Target was negligent in failing to advise her that a box cutter given to her for use in the course of her employment

2

with Target could be considered a concealed weapon (PF & R at 3-4). Additionally, the undersigned magistrate judge ascertained from Plaintiff that she was taken into custody by the CPD on November 18, 2004, and that a box cutter was found in her purse while she was at the police station (PF & R at 4 n.1).

On August 15, 2007, the undersigned submitted proposed findings and recommendations to the presiding District Judge concerning Target's two motions and Plaintiff's three motions. (PF & R, # 20).

Regarding Target's motions, filed in the alternative, the undersigned recommended that Target's motion to dismiss for failure to state a claim be granted for the reason that "Target owed no duty to Plaintiff to inform her that a box cutter could be considered a concealed weapon, and the circumstances upon which Plaintiff's claim appears to be based could not have been foreseeable to Target." (PF & R at 4, 7.) The undersigned further recommended that Target's alternative motion for a more definite statement be denied (PF & R at 7).

With respect to Plaintiff's motions (for arbitration, restitution, and summary judgment), the undersigned recommended that they be denied (PF & R at 7).

On August 27, 2007, Plaintiff filed objections to the undersigned's proposed findings and recommendations, in which she relates a conversation she allegedly had with her three supervisors

at Target on October 18, 2004 (# 22 at 1). Plaintiff allegedly said,

"[Y]ou all could have told me that this boxcutter that I have been

carrying around in my pocketbook . . . is a concealed weapon."

(Id.)  One of her supervisors allegedly responded, "[H]ow would you

have liked to found out at the airport[?] We got detained over two

hours once, a while back, because we didn't know. It was so

embarrassing." (Id.)

On September 13, 2007, the presiding District Judge entered a

Memorandum Opinion and Order adopting the recommendations of the

undersigned as to all three of Plaintiff's motions (# 25 at 7).

As to Target's motions, the District Judge departed from the

undersigned's recommendations. First, the District Judge denied

Target's motion to dismiss, without prejudice, under the following

rationale:

> The magistrate judge did not have the benefit of the
> further contention by the pro se plaintiff in this case
> set forth for the first time in plaintiff's objections to
> the magistrate judge's report.  There, the plaintiff adds
> that she was told by her supervisors, including the store
> manager, that one or more of them had also been detained
> -- at the airport -- for carrying a box cutter.
>
> The complaint, plaintiff's status conference
> colloquy with the magistrate judge, plaintiff's motions
> for arbitration and summary judgment, and now,
> plaintiff's objections, all taken together indicate the
> pro se plaintiff may be contending, inter alia, that
> Target employees were told to carry a box cutter at times
> other than work hours and that plaintiff's supervisors
> were put on notice that the box cutters could be
> considered concealed weapons. Accepting these allegations
> as true for the purposes of considering the motion to
> dismiss, the court is unable to find at this stage that
> it was not foreseeable to Target that one of its

employees, in the course of complying with directions from Target, could be charged with carrying a concealed weapon by carrying the box cutter in places where possession of such an item is prohibited.  The court is similarly unable to conclude at this juncture that the plaintiff fails to state a claim.

(# 25 at 4-5.)

The district court's denial of Target's motion to dismiss was informed by the principles of negligence law set forth by the West Virginia Supreme Court of Appeals in Aikens v. Debow, 208 W. Va. 486, 491, 541 S.E.2d 576, 581 (2000):

"To correct any misconception . . . we restate the law of this State, as follows: The determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law."

"[L]egal commentators agree that '[t]he determination of any question of duty . . . has been held to be an issue of law for the court rather than for the jury, to be determined by reference to the body of statutes, rules, principles, and precedents which make up the law.' 57A Am. Jur. 2d Negligence § 86, at 142 (2d. ed. 1989) (footnote omitted)."

"We recognized in Robertson v. LeMaster, 171 W. Va. 607, 301 S.E.2d 563 (1983), that while foreseeability of risk is a primary consideration in determining the scope of a duty an actor owes to another, '[b]eyond the question of foreseeability, the existence of duty also involves policy considerations underlying the core issue of the scope of the legal system's protection[.]' Id. at 612, 301 S.E.2d at 568. 'Such considerations include the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant.' Id."

(# 25 at 5-6.)

Second, the District Judge granted Target's motion for a more

5

definite statement and directed Plaintiff to file by October 5, 2007, "a statement specifying with particularity the time, place, manner, source, and scope of the direction given to her by Target that she carry a box cutter and stating generally all other circumstances said to give rise to a duty on the part of Target to warn her of the consequences of carrying a concealed weapon." (# 27 at 8.)

On October 5, 2007, Plaintiff filed a document entitled "Response to Magistrate Stanley's Opinion and Order Dated Sept. 13, 2007" (# 32), in which Plaintiff makes these allegations relative to Target:

> Target's derelict of duty to me and all of the rest of their employees constitutes negligence, and cultivated pending peril that should have been foreseeable to Target because their top management and the boxcutter had had previous intercourse with the law. Not only did top management know that carrying around boxcutters on one's person posed a potential vicarious situation for the individual carrying around the tool; but, also they made it clear to its employees on numerous occcassions [sic] that we were to maintain possession of our issued boxcutters, because they were not going to issue them out to us every night, and[/]or, on a continuous basis.

(# 32 at 1.)

## ANALYSIS

### A.   Target's Motion to Dismiss for Failure to State a Claim

In moving to dismiss, Target states:

> [Plaintiff] has specifically failed to assert that Target instructed her to carry the box cutter <u>outside</u> of work and therefore has failed to put forth any fact, that would support a finding that Target had any legal duty to advise her that carrying a box cutter could constitute a

crime of carrying a concealed deadly weapon. Further, even if such a duty is assumed to exist, carrying a box cutter as alleged by Plaintiff does not constitute a "deadly weapon" as defined under West Virginia law and therefore her claim is without merit. <u>See</u> W. Va. Code §§ 61-7-2(3) and 61-7-3(a).

(# 35 at 5.) Target elaborates on its argument that Plaintiff has failed to state a negligence claim against it as follows:

> [G]laringly omitted from the [October 5, 2007,] statement produced by the Plaintiff was any claim that she was told by Target to keep the box cutter on her "at any times other than work hours" . . . . In fact, the Plaintiff only claims that 'they [Target] made it clear to its employees on numerous occasions that we were to maintain possession of our issued boxcutters, because they were not going to issue them out to use every night, and, or, on a continuous basis.'. . . Plaintiff's allegation boils down to a claim that she was told that she was <u>responsible</u> for her box cutter.

(# 35 at 8-9.)

Plaintiff responds in a document entitled "Target is Guilty of the Causes of Action that Constitutes Negligence" (# 38). She alleges "[Target's] failure to examine all of the ramifications of their employees' use and, or, handling of their work tool, the boxcutter" and "[Target's] foreknowledge that their tool had incongruous contact with the law that, peradventure, detained their top management with airport security."[1] (# 38 at 1.)

---

[1] Plaintiff's response also states: "Target showed a total disregard for the Fair Labor Standard Act 29 USC. S. 216(b) and the Fair Trading Act of 1987, S. 42. As a result, Target committed fraud, <u>Derry v. Peek</u>; misrepresentation of fact, <u>Peek v. Gumey</u>; intended reliance, <u>CBC v. Brown</u>; negligent misstatement, <u>Donoghue v. Stevenson</u>; false statement, <u>Privy Council in Mutual Life and Citizens Assurance Co. Ltd. v. Evatt</u>; and <u>Shaddock v. Parramatta City Council</u>." (# 38 at 1-2.)  The undersigned declines to address these additional claims against Target, which Plaintiff asserted for the first time in her response to Target's second motion to dismiss.

7

Target's position -- that it owed no duty to Plaintiff relative to her carrying a box cutter during her off-work hours -- is meritorious under controlling West Virginia law. For the purpose of ruling on Target's first motion to dismiss, the District Judge recognized the possibility, at that point, that Plaintiff was contending "that Target employees were told to carry a box cutter at times other than work hours and that plaintiff's supervisors were put on notice that the box cutters could be considered concealed weapons." (Mem. Op. and Order, # 25 at 4.) Plaintiff has now had an opportunity to clarify her claim against Target, and she has failed entirely to

allege that Target told its employees to carry a box cutter at times other than work hours.  The absence of that allegation is fatal to Plaintiff's case against Target.  Without any allegation that Target instructed its employees to carry a box cutter when they were off work, Plaintiff's arrest for carrying a concealed weapon  "'could not reasonably have been anticipated by an ordinarily prudent person.'" Aikens, 208 W. Va. at 491, 541 S.E.2d at 581. The factors to be considered by the court in determining the existence of duty (foreseeability, the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant) all militate against imposing a duty on Target under the circumstances of this case. See Id.  Under West Virginia law, "'"[n]o action for negligence will lie without a duty

broken."'" Syl. Pt. 3, <u>Aikens</u> (citations omitted). Since Plaintiff's allegations do not support the existence of a duty owed by Target to inform Plaintiff that a box cutter could be considered a concealed weapon, Plaintiff's negligence claim against Target must fail.

Given the lack of allegations giving rise to a duty on behalf of Target, it is not necessary for the court to consider Target's second argument -- that carrying a box cutter does not constitute a "deadly weapon" as defined under West Virginia law and therefore Plaintiff's claim is without merit (# 35 at 5). <u>See</u> W. Va. Code §§ 61-7-2(3) and 61-7-3(a).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's arrest for carrying a concealed weapon under the circumstances was not foreseeable to an ordinarily prudent person and that Target owed no duty to Plaintiff to inform her that a box cutter could be considered a concealed weapon.  The undersigned further proposes that the presiding District Judge **FIND** that Plaintiff's Complaint against Target fails to state a claim upon which relief can be granted and that Plaintiff is not entitled to judgment as a matter of law on that claim.

B.   <u>**The AP's Motion to Dismiss**</u>

The Plaintiff's claim as to the AP is stated in the complaint as follows: "Publishing hearsay and conjecture of a sallacious [sic] nature instead of the facts through media outlets in U.S."

9

(Complaint, # 2 at 1.)

In moving to dismiss, the AP argues that Plaintiff's claim against it is barred by the applicable statute of limitations (# 26, 27 at 1-3, # 36 at 2). The AP states:

> Plaintiff's claim against the AP is barred by the statute of limitations because the stories she complains of were published more than one (1) year before the Complaint was filed. The short statement of the claim against the AP is an attempt to state a claim for libel. In West Virginia, libel and related claims are subject to a one year statute of limitations. *Syllabus, Cavendish v. Moffitt,* 163 W. Va. 38, 253 S.E.2d 558 (1979). ("An action for libel is governed by the one-year limitation period established by *W. Va. Code*, 55-2-12(c)."). The Complaint was filed on October 11, 2006. The two stories were published in October of 2004. Therefore, since more than one (1) year elapsed between the publications at issue and the filing of Complaint, the putative libel claim against the AP is barred by the statute of limitations.

(# 27 at 2-3, footnote omitted.)

The AP accurately states the law in West Virginia regarding the time for filing a libel action. Moreover, Plaintiff does not refute the AP's position that her libel action is time-barred (# 33). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's claim against the AP is barred by the one-year limitation period which controls libel actions in West Virginia.

The AP further argues that the complaint fails to state a claim against it upon which relief may be granted (# # 26, 27 at 1, 3-4). The undersigned does not consider the merits of this argument since Plaintiff's claim against the AP is barred by the applicable one-

10

year statute of limitations.

**RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Target Corporation's Second Motion to Dismiss for Failure to State a Claim (# 34) and the Associated Press' Motion to Dismiss (# 26). It is further respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Target Corporation and the Associated Press as defendants in this matter, but leave this matter referred to the undersigned for additional proceedings concerning Plaintiff's claims against the Charleston Police Department.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and counsel of record.

May 5, 2008
Date

Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge