```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**CHARLOTTE WILKERSON,**

      **Plaintiff,**

v.                                                      Case No. 2:06-0866

**TARGET CORP.,**
**CHARLESTON POLICE DEPARTMENT,**
**and THE ASSOCIATED PRESS,**

      **Defendants.**


<u>MEMORANDUM OPINION AND ORDER</u>

This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who submitted her initial proposed findings and recommendation on August 15, 2007, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). After receiving timely filed objections from plaintiff Charlotte Wilkerson ("Wilkerson") on August 27, 2007, and a response to plaintiff's objections from Target Corp. ("Target") on August 30, 2007, the court entered an order on September 13, 2007, adopting the initial proposed findings and recommendation as to the plaintiff's motions but not as to Target's motion to dismiss, explaining that the magistrate judge did not have the benefit of the <u>pro</u> <u>se</u> plaintiff's contention in her objection/response that she was told by her Target supervisors, including the store

manager, that one or more of them had also been detained at the airport for carrying a box cutter. The action was referred to the magistrate judge for further proceedings.

The magistrate judge issued a second proposed findings and recommendation on May 5, 2008, in which the magistrate judge makes the recommendation that the motions to dismiss of The Associated Press ("AP") and Target be granted. Wilkerson filed objections/responses on three consecutive days on May 19, 20, and 21, 2008. On June 5, 2008, Target filed a reply to Wilkerson's objections/responses. The court has reviewed each of these filings.

With respect to Target's motion to dismiss, the magistrate judge found the fact that plaintiff "failed entirely to allege that Target told its employees to carry a box cutter at times other than work hours" to be dispositive in concluding that Target owed no duty to Wilkerson under the circumstances. (PF&R at 8). None of the three objections/responses filed by the plaintiff contest this fact. Wilkerson's submission on May 21, 2008, states, "Target knows they fostered an environment that boxcutter were not going to be issued everyday, and that it was employees' individual responsibility to keep up with their boxcutter." (05-21-08 Resp. to PF&R). This statement, however,

2

does not indicate that the employees were required by Target to carry the box cutter on their person at times other than work hours. The magistrate judge's conclusion is correct and Target is dismissed with prejudice.

As to the AP's motion to dismiss, the magistrate judge found that plaintiff's action for libel against the AP was barred by the one-year statute of limitations. (PF&R at 10). The response does not contest that the statute of limitations bars her claim for libel, the only claim discernible from the complaint. The court finds that claim is properly dismissed with prejudice.

In her objection/response filed May 19, 2008, however, the pro se plaintiff lists the Privacy Act of 1974, the Personal Information Privacy Act of 1997, and the Civil Rights Act of 1964 as having been violated by AP. (05-19-08 Resp. to PF&R). These Acts were not alleged previously and were thus not addressed in the proposed findings and recommendation. Nor does plaintiff link particular allegations to any of those Acts. The magistrate judge notes, "[t]he Plaintiff's claim as to the AP is stated in the complaint as follows: 'Publishing hearsay and conjecture of a sallacious [sic] nature instead of the facts through media outlets in U.S." (PF&R at 9, citing Compl.).

3

Plaintiff's claims must be alleged, if at all, in the complaint. They cannot be raised for the first time in her objections. She has not sought to amend her complaint. The court, accordingly, ORDERS that the AP be, and it hereby is, dismissed.

Accordingly, it is ORDERED that:

1. The proposed findings and recommendation of the magistrate judge be, and it hereby is, adopted;

2. Target's Second Motion to Dismiss for Failure to State a Claim be, and it hereby is, granted;

3. AP's motion to dismiss be, and it hereby is, granted; and

4. This case be, and it hereby is, referred anew to the magistrate judge, as heretofore, for additional proceedings as to the remaining defendant, Charleston Police Department.

The Clerk is directed to forward copies of this order to the pro se plaintiff, all counsel of record, and the United States Magistrate Judge.

DATED: September 22, 2008

John T. Copenhaver, Jr.
United States District Judge